IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS A. MACK, | : | |
| Petitioner, | : | |
| | : | 1:17-cv-1906 |
| v. | : | |
| | : | Hon. John E. Jones III |
| WARDEN BALTZAR, | : | |
| Respondent. | : | |

**MEMORANDUM**

**April 1, 2019**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner, Marquis A. Mack ("Mack"), a federal inmate incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania. He contends that his due process rights were violated during the course of prison disciplinary proceedings conducted at USP-Canaan. (Doc. 1).

The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.     BACKGROUND**

On February 5, 2017, staff served Mack with Incident Report Number 2947797, charging him with violations of Codes 113 (possession of narcotics, drugs and related paraphernalia) and 305 (possession of anything not authorized). (Doc. 9-1, pp. 12, 13). On February 9, 2018, a Disciplinary Hearing Officer

("DHO") found Mack guilty of Code 113 and expunged the lesser Code 305 charge. (*Id.* at 19-28). Disciplinary sanctions included, *inter alia*, a loss of good conduct time.

On March 6, 2017, Mack submitted Administrative Remedy 896705-A1 with the Central Office related to the "DHO Hearing 02-09-17 Code :113," which the Central Office rejected because Mack filed it at the wrong level. (*Id.* at 9). The Central Office instructed him to "Get address from unit team, also you need to send complete package, see unit team for details." (*Id.*). He took no further action with regard to this Administrative Remedy.

On April 26, 2017, Mack appealed the DHO decision for Incident Report 2947797 to the Regional Office. (*Id.*). The Regional Office rejected the filing because he failed to submit the correct number of copies and instructed him that he could resubmit his appeal in proper form within ten days of the date of the rejection notice. (*Id.*).

Mack resubmitted the appeal on May 10, 2017. (*Id.* at 10). The Regional Office rejected the appeal as untimely because it was not received within twenty days of his receipt of the DHO Report but, instructed him that he could resubmit his appeal within ten days if he provides a memorandum from staff verifying that the reason for his untimely submission was not his fault. (*Id.*). The rejection

notice also contained a comment that the appeal was late when it was first received on April 26, 2017. (*Id.*).

On May 22, 2017, Mack submitted the appeal a third time. (*Id*). The Regional Office rejected it as untimely, explaining that the staff memorandum he provided appears to contain incorrect dates. (*Id.*). The Regional Office afforded Mack another opportunity to resubmit the appeal within ten days with a corrected staff memo. (*Id.*).

Mack resubmitted the appeal on June 5, 2017 and, once again, affixed a staff memorandum with incorrect dates. (*Id.* at 11). The Regional Office again informed him that his staff memorandum appeared to contain incorrect dates and instructed him to obtain a corrected memorandum and to resubmit his appeal within ten days. (*Id.*). Instead of resubmitting his appeal to the Regional Office as instructed, Mack submitted it to the Central Office. (*Id.*). The Central Office rejected the appeal and directed him to correct the errors noted in his previous rejections and to resubmit his appeal at the correct level. (*Id.*) Mack did not resubmit the appeal.

## II. DISCUSSION

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or

3

laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Respondent argues that the petition should be denied based on Mack's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 9, pp. 8, 9). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative

4

procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 9-1, Declaration of Michael Figgsganter, BOP Attorney Advisor, p. 3, ¶ 8, citing 28 C.F.R. §§ 542.10- 542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. *Id.*, citing 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. *Id.*, citing 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. *Id.*, citing 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. *Id.*, citing 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. *Id.*,

citing 28 C.F.R. § 542.15(a). The General Counsel has forty calendar days to respond. *Id.*, citing 28 C.F.R. § 542.18. When an administrative remedy is rejected, all filings are returned to the inmate. *Id.* at ¶ 9. The BOP does not retain a copy of the rejection filings. *Id.*, citing 28 C.F.R. § 542.17.

With respect to disciplinary hearing decision appeals, an inmate can initiate the first step of the administrative review process by filing a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary hearing officer's written report. 28 C.F.R. § 542.14(d)(2). If dissatisfied with the Regional Director's response, an appeal using the appropriate BP-11 form may be filed within thirty calendar days with the Central Office. 28 C.F.R. §§ 542.15(a). This is the inmate's final available administrative appeal. No administrative remedy appeal is considered to have been fully exhausted until pursued through all levels. 28 C.F.R. § 542.15(a)).

Mack's April 26, 2017 appeal of the DHO's February 9, 2017 decision was clearly untimely as it was filed approximately fifteen days after the twenty day filing period expired. However, the Regional Office afforded him the opportunity to submit a memorandum containing staff verification that the untimeliness of the

6

appeal was not his fault. Although he submitted a staff memorandum, it contained incorrect dates. The Regional Office rejected the filing and afforded him the opportunity to correct the deficiencies in the staff memorandum. He again submitted a staff memorandum with incorrect dates. The Regional Office afforded him yet another opportunity to submit a staff memorandum with accurate dates. This time, rather than complying with the Regional Office's instructions, Mack chose to appeal to the Central Office. The Central Office rejected the appeal as being filed at the wrong level and directed him to comply with the directive of the Regional Office. Mack took no further action with regard to his appeal of the DHO's decision. The record clearly demonstrates that Mack failed to fully exhaust his administrative remedies.

Mack does not dispute his failure to exhaust and there is nothing in the record that compels excusing exhaustion. He does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Despite being afforded numerous opportunities to do so, Mack failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228

(3d Cir. 2004). Because he has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Mack to invoke the judicial process despite failing to complete administrative review.

## III.  CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.

The Court will enter an appropriate Order.